Charles P. Kennedy
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax: 908.654.7866

*Attorneys for Plaintiffs Publicis Media Limited and*
*Moxie Marketing Services LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLICIS MEDIA LIMITED and MOXIE MARKETING SERVICES LLC, | : : : **ECF CASE** |
| Plaintiffs, | : : Civil Action No. |
| v. | : : |
| MOXIE SOFTWARE, INC., | : : |
| Defendant. | : : x |

**COMPLAINT**

Plaintiffs Publicis Media Limited and Moxie Marketing Services LLC, through their counsel, for their complaint against Defendant Moxie Software, Inc., allege as follows:

**JURISDICTION AND VENUE**

1. This is an action in which the Plaintiffs are seeking pecuniary and injunctive relief from acts of the Defendant arising under the trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and for related claims under the common law of the State of New York arising out of the same operative facts.

2. Jurisdiction is proper in this United States district court pursuant to 28 U.S.C. §§ 1331, 1338(a), and (b), and 15 U.S.C. § 1121.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

**PARTIES**

4. Plaintiff Publicis Media Limited ("Publicis") is a limited liability company under the laws of the United Kingdom, having a place of business at Pembroke Building, Kensington Village, Avonmore Road, London W14 8DG. Publicis was previously known as Zenith Optimedia Group Limited ("ZenithOptimedia"), prior to a corporate reorganization.

5. Plaintiff Moxie Marketing Services LLC ("Moxie"), an affiliate of ZenithOptimedia, is a limited liability company under the laws of the State of Delaware, having a place of business at 299 West Houston Street, New York, New York 10014.

6. Upon information and belief, Defendant Moxie Software, Inc. ("Moxie Software") is a corporation of the State of Delaware, having a place of business at 851 Traeger Avenue, Suite 210, San Bruno, California 94066.

7. Upon information and belief, Moxie Software advertises its services and has provided its services throughout the United States, including within the State of New York and this judicial district.

**PLAINTIFFS' ESTABLISHED RIGHTS TO THE MOXIE® TRADEMARK**

8. Publicis is a leading worldwide provider of media services, communication strategy support, advertising and marketing services, production and post-production services, hosting of online web facilities, and digital and interactive services.

9. Since at least as early as 2003, the predecessor company of Moxie adopted, and Moxie has since used, the trademark MOXIE® to identify a full range of services, including advertising and marketing services, printing services, production and post-production services, interactive website services, and hosting online web facilities.

10. Publicis is the owner of United States Trademark Registration No. 4,564,356 for the mark MOXIE, registered July 8, 2014 and covering the following services:

Class 35: Advertising and marketing services; advertising and promotional services; brand consultancy and brand creation services; brand evaluation services; brand positioning; brand evaluation services, namely, brand testing; marketing and branding services, namely, performing consumer insight and brand strategy of company logos; marketing and advertising media management services; media buying services, namely, purchasing time and space for the delivery of advertising messages through broadcast time, print space, indoor space, outdoor space or other media such as CDs and DVDs or website space/time; sponsorship consultancy services related to promoting the goods and services of others by arranging for sponsors to affiliate their goods with others; market research; compilation, processing and analysis of market research statistics; production of advertisements for radio, video, film, computers, Internet web sites, televisions and mobile devices; all the aforesaid services also provided on-line via computer websites or through wireless transmissions; compilation of direct mailing lists; compilation of mailing lists; direct mail advertising; marketing by mail; preparation of mailing lists; preparation of mailing lists for direct mail advertising services; direct marketing, database marketing, namely, compiling and systemization of information into consumer specific databases for marketing purposes; telemarketing; statistical analysis and reporting for business purposes; database management; business consulting services in the field of electronic commerce; advertising and marketing management agency services, namely, the creation, development and dissemination of advertising and promotional materials via direct mail, newspaper, radio, television, mobile devices, a global computer network and other interactive media, research services and information services relating to advertising, marketing, brand management, media buying, and media management; design of publicity and advertising materials; creation, research, development and implementation of brand names, slogans, lettering and logos; mobile advertisements and direct mail advertisements; computer services, namely, design of internet advertising, namely, designing and implementing banner advertisements; providing websites that promote the goods and services of others; providing an interactive website in the field of marketing, advertising, advertising media, and politics; information, consultancy and advisory services, in the field of marketing and advertising.

Class 40: Printing services, namely, digital photo printing services, digital printing services of books and other documents.

Class 41: Sound and video recording production and post production services to the advertising, motion picture, video, broadcast, satellite, cable and television industries; video post-production, adding visual effects and graphics to video tape, audio tape, digital media and film; consultation services related to sound, video and ancillary production and post production in the field of music, video, and film; film and animation production services; providing an interactive website in the field of entertainment, photography, music, sports and education.

Class 42: Hosting online web facilities for others for organizing and conducting interactive discussions.

A copy of this Registration is attached as Exhibit A.  This Registration is in full force and effect and grants Publicis the exclusive right to use the registered mark MOXIE® in commerce for the goods and services covered by the Registration.

11. Moxie, as an affiliate of Publicis, has been licensed to use the MOXIE® trademark.  Moxie has extensively advertised its services in connection with the MOXIE® mark, including through its website.

12. The mark MOXIE® has been associated with substantial sales for Moxie's high-quality services, including the marketing of media services, communication strategy, and digital and interactive services.

13. By virtue of Moxie's extensive use, advertising and sales, the mark MOXIE® has come to be associated exclusively with services provided by Moxie.  As a result, the mark MOXIE® has become an extremely valuable asset of Moxie and has come to represent the company's extensive good will.

## DEFENDANTS' WRONGFUL ACTS

14. Upon information and belief, Defendant Moxie Software started as a company that mainly sold software for companies to manage the "click-to-chat" portion of websites.  This is where customers communicate through the website with a real person to get answers to questions.  Defendant shared the same customer base as Plaintiff Moxie of large companies having a significant web presence.

15. When it was originally incorporated, Defendant was known as nGenera Corporation and identified its services by marks that would not be confused with Plaintiffs' MOXIE® mark, such as SPACES, NGENERA, SENIOR EXECUTIVE CONCOURS, and IT CONCOURS.

16.     Long after Moxie had extensively used the mark MOXIE® and, upon information and belief, with knowledge of Moxie's use of the MOXIE® mark, Defendant began using the marks MOXIE SOFTWARE, MOXIE, MOXIE CONCIERGE, and GOMOXIE for software and nondownloadable application software for a variety of applications, including for websites and consulting services for businesses, such as hosting online meetings and interactive discussions.

17.     Upon information and belief, also in about 2010, Defendant began leveraging the contacts it had with its "chat" clients to sell more advertising-related services such as analytics and consumer research. These services conflict and compete directly with services offered by Plaintiff Moxie under the MOXIE® brand or are closely related to Plaintiff Moxie's services.

18.     Despite its knowledge of Moxie's prior use of the MOXIE® trademark, Defendant has undertaken a program since about 2010 of progressively expanding its use and reliance on trademarks having as the dominant portion the word MOXIE.

19.     On May 27, 2015, Plaintiffs commenced an action against Defendant asserting trademark infringement of the registered and common law trademark MOXIE, in the United States District Court for the Southern District of New York, entitled *Zenith Optimedia Group Limited and Moxie Marketing Services LLC v. Moxie Software, Inc.*, Civil Action Number 15-cv-04041 (KMW) (the "Action").

20.     The parties entered into a Confidential Settlement Term Sheet relating to the Action signed on November 4, 2016 and a Stipulated Dismissal without prejudice of the Action ordered on November 9, 2017. The Settlement Term Sheet set forth certain confidential provisions relating to the parties' registration and/or use of their respective trademarks.

21. During the Action, Moxie learned that there had been actual confusion in the marketplace between Moxie Software and Moxie relating to their respective uses of MOXIE and MOXIE-formative trademarks.

22. More recently and after the Settlement Term Sheet, Moxie has become aware of additional instances of actual confusion whereby Moxie's clients have confused solicitations for business from Moxie Software as having come from Plaintiff Moxie.

23. Also more recently, Moxie has become aware of solicitations by Moxie Software that promote a broader description of services under the MOXIE mark than Moxie Software is allowed under the Settlement Term Sheet. This broader description is likely to be construed by prospective customers as including services that are provided by Plaintiff Moxie or that are closely related to the services of Plaintiff Moxie.

24. Examples of recent solicitations from Moxie Software have included the following descriptions:

> **What does Moxie do?** Our customers use our cloud technology 'Concierge' as a 'digital engagement' platform to interact with their online customers by having Concierge act as a 'digital guide' on their website to deliver automated and useful snippets of information or to escalate to digital support (Chat) when customers need help. <u>click this link to visit the Staples rebates site</u> and you will see Concierge on the bottom right.
>
> * * *
>
> Technology has been guiding our daily lives for several years, from the famous "You've Got Mail" prompting us to check our email, to more recently, proactively giving us the fastest routes on our phones to our final destinations.
>
> Moxie applies this proactive guidance for your eCommerce, online and mobile business solutions, helping navigate your customers through their digital journey across multiple devices.
>
> Learn more about the Guided Economy and how Moxie can help you achieve your KPIs.

25. On its website, Moxie Software also promotes a broader description of its services

than the chat function for websites. Moxie Software's website includes the following descriptions:

> Webinar: Tactics to Extend Your Campaign Reach & Performance
>
> Marketers are constantly generating campaigns to feature new products and promotions that acquire customers. Next, we dig into metrics and hope to hit a new all-time-high click rate or page views (and conversions likely still hover at 3%). We've recruited the consultants at Tresemer Group to join us on November 6 to help you break through the campaign status quo.
>
> * * *
>
> ACCELERATE CAMPAIGN PERFORMANCE: CAMPAIGN ENGAGEMENT PLANNER TEMPLATE
>
> Marketers are constantly generating campaigns to feature new products and promotions that acquire customers. Don't just stop there! Download the Campaign Engagement Planner template to start building your own engagement campaigns that accelerate and increase your campaign results.

26. Upon information and belief, Defendant has profited richly by its use of the MOXIE SOFTWARE, MOXIE, GO MOXIE, MOXIE CONCIERGE, and MOXIE-based trademarks in terms of promoting its business and obtaining profits for its services.

## FIRST CLAIM FOR RELIEF
### Infringement Of Federal Trademark Registration

27. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26, as if fully set forth herein.

28. Defendant's marks MOXIE, MOXIE SOFTWARE, MOXIE CONCIERGE, and GO MOXIE are reproductions, counterfeits, copies, or colorable imitations of Publicis' registered mark MOXIE covered by U.S. Registration No. 4,564,356.

29. Defendant uses the names and marks MOXIE, MOXIE SOFTWARE, MOXIE CONCIERGE, and GO MOXIE in the advertising and providing of services and goods that are

closely related to and overlap with the services and goods that Moxie provides in association with the mark MOXIE.

30. Defendant's goods and services are provided through the same channels of trade and to the same classes of customers as are the services and goods of Moxie provided in connection with the registered trademark MOXIE.

31. Defendant began use of the marks MOXIE SOFTWARE, MOXIE, MOXIE CONCIERGE and GO MOXIE after Plaintiffs had established rights to the MOXIE mark and expanded use of the MOXIE mark to goods or services that are related to or compete with Plaintiffs' services.

32. Defendant's conduct as set forth above constitutes infringement of Publicis' federally registered trademark MOXIE under 15 U.S.C. § 1114.

33. Defendant's conduct has caused and will continue to cause substantial damage to Plaintiffs unless enjoined by this Court.

34. Upon information and belief, Defendant's conduct, including commencement of infringement and its progressive encroachment on Plaintiffs' rights to the mark MOXIE after notice of Plaintiffs' rights constitutes willful and malicious infringement of Plaintiffs' trademark rights.

35. Plaintiffs are without adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Violation Of Section 43(a) Of The Lanham Act

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-35, as if fully set forth herein.

37. Defendant, by use of the marks and names MOXIE SOFTWARE, MOXIE, MOXIE CONCIERGE, and GO MOXIE in connection with its goods and services, has used

false designations of origin and false descriptions and representations, which tend falsely to describe or represent such goods and services and has caused such goods and services to enter into commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of Plaintiffs.

38. Defendant's conduct as set forth above was undertaken in violation of 15 U.S.C. § 1125(a) and has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.

39. Upon information and belief, Defendant's conduct was done willfully with full knowledge of the falsity of the designations of origin and with the intention of causing confusion and misleading and deceiving the public as to the origin of its goods and services.

40. Plaintiffs are without adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Common-Law Trademark Infringement And Unfair Competition

41. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-40, as if fully set forth herein.

42. Defendant, by its actions alleged above, has willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New York.

43. Upon information and belief, Defendant is improperly trading on the reputation and goodwill of Plaintiffs in association with the MOXIE trademark.

44. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

45. Plaintiffs are without adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**Breach of Contract**

46. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-45, as if fully set forth herein.

47. Defendant has breached the provisions of the Settlement Term Sheet relating to use of the MOXIE mark by expanding its use into Plaintiffs' field of services as defined in the Agreement and as articulated in related settlement discussions.

WHEREFORE, Plaintiffs request the following relief:

A. a permanent injunction enjoining Defendant Moxie Software, Inc., its officers, employees, servants, and agents, and all persons in active concert or participation with them, from using the marks MOXIE, MOXIE SOFTWARE, MOXIE CONCIERGE, GO MOXIE, or any other name or trademark that contains the word MOXIE, or any other name or trademark that would be confusingly similar to Publicis' trademark MOXIE;

B. an accounting to determine the profits Defendant has made in connection with all products sold and services rendered under use of the marks MOXIE, MOXIE SOFTWARE, MOXIE CONCIERGE, and GO MOXIE, and an award to Plaintiffs of all such profits;

C. an award of compensatory damages arising out of Defendant's infringement and a trebling of such award, as provided by 15 U.S.C. § 1117;

D. a direction to Defendant to deliver up to Plaintiffs for destruction all printed materials that contain any of the marks MOXIE, MOXIE SOFTWARE, MOXIE CONCIERGE, and GO MOXIE;

E. an award to Plaintiffs of its reasonable attorney fees and costs in the action; and

F. such other and further relief as the Court may deem just and necessary.

                                  Respectfully submitted,

                                  LERNER, DAVID, LITTENBERG,
                                   KRUMHOLZ & MENTLIK, LLP
                                *Attorneys for Plaintiffs Publicis Media*
                                *Limited and Moxie Marketing Services, LLC*

Dated: November 8, 2018                  By:    s/Charles P. Kennedy
                                                    Charles P. Kennedy
                                                    Tel:    908.654.5000
                                                    E-mail:   CKennedy@ldlkm.com
                                                                     Litigation@ldlkm.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, Plaintiff's Publicis Media Limited and Moxie Marketing Services LLC are  not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiffs Publicis Media Limited and Moxie Marketing Services, LLC*

Dated: November 8, 2018

By:   s/Charles P. Kennedy
      Charles P. Kennedy
      Tel:    908.654.5000
      E-mail:  CKennedy@ldlkm.com
              Litigation@ldlkm.com